**James RIFFIN, Petitioner**

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents**

The Maryland Transit Administration and Board of County Commissioners of Allegany County, Maryland, Intervenors.

**No. 09–1277.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 30, 2010.

James Riffin, Timonium, MD, pro se.

Erik Gerrard Light, Ellen D. Hanson, General Counsel, Craig Mitchell Keats, Deputy General Counsel, Surface Transportation Board, Office of General Counsel, Washington, DC, for Surface Transportation Board.

John P. Fonte, Robert B. Nicholson, U.S. Department of Justice, Antitrust Division, Appellate Section, Washington, DC, for United States of America.

Allison Ishihara Fultz, Esquire, W. Eric Pilsk, Charles Alan Spitulnik, Esquire, Kaplan Kirsch & Rockwell LLP, Washington, DC, for Intervenors.

BEFORE: HENDERSON, GARLAND, and BROWN, Circuit Judges.

### JUDGMENT

PER CURIAM.

This petition for review of an order of the Surface Transportation Board was considered on the briefs and appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the Surface Transportation Board's September 15, 2009 order be affirmed. Petitioner has not demonstrated that the Board's decision denying his petition for a declaratory order is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *See BNSF Railway Co. v. STB,* 526 F.3d 770, 774 (D.C.Cir.2008). The Board properly concluded that petitioner is not a "rail carrier," because he has not shown that he has the ability to provide rail service on the Allegany Line. *See Nevada v. Dept. of Energy,* 457 F.3d 78, 86 (D.C.Cir.2006) (a rail carrier must hold itself out as a common carrier for hire and have the ability to carry for hire). To the extent petitioner argues he is a "rail carrier" because he has equitable title to the Allegany Line, he forfeited this argument by not raising it in support of his petition for a declaratory order during the administrative proceedings. *See BNSF Railway Co. v. STB,* 453 F.3d 473, 479 (D.C.Cir. 2006) (failure to raise an argument before the agency results in forfeiture of the argument). The Board also properly concluded that petitioner's proposal to operate the Veneer Spur does not qualify as the operation of an "extended" or "additional" line of railroad, because petitioner has not shown that he is a rail carrier.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.